# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3840 | **DATE** | 1/8/2001 |
| **CASE TITLE** | Fernandez vs. Hines, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff; Motion to Amend Order of Court

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court grants plaintiff's motion to amend the previous order of the court [11-1]. The court modifies its previous order to reflect that defendant's motion to dismiss is granted and this suit is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 9 2001 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✗ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| slb | courtroom deputy's initials | 01 JAN -8 PM 7:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE FERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> OFFICER ROBERT HINES, and ) <br> JOHN DOES 1-5, ) <br> ) <br> Defendants. ) | 00 C 3840 <br><br> Judge George W. Lindberg |

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Fernandez, filed this § 1983 action against defendants, Officer Robert Hines and other unknown officers, claiming that they had violated his constitutional rights by using excessive force against him or by failing to stop the other officers from using excessive force against him. The court granted plaintiff's application to proceed *in forma pauperis* and directed the Clerk of the Court to issue a summons for defendant Hines.

Defendant Hines filed a motion to stay or dismiss in lieu of an answer. He claimed that the court should abstain from the case under the *Younger* doctrine and also that the court had no subject-matter jurisdiction over plaintiff's claim because criminal charges of aggravated battery against a correctional officer had been filed against the plaintiff concerning the incident on which the instant suit is based. Hines asserted that plaintiff did not have a cognizable claim until he could prove that the criminal case had been decided in his favor. *Hudson v. Chicago Police Dept.*, 860 F.Supp. 521 (N.D.Ill. 1994).

Under the *Younger* federal abstention doctrine, a federal court will not entertain a claim for damages under § 1983 if disposition of the claim would involve ruling on issues in dispute in

the pending state criminal proceeding. *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971)). Because the instant complaint involved factual issues that are very likely to be disputed in the state criminal proceedings where plaintiff is charged with aggravated battery against a correctional officer, the court granted defendant's motion to dismiss without prejudice. The court also informed plaintiff that he would have to move to reinstate the case within 60 days of the conclusion of the underlying criminal proceedings.

After the court had already ruled on the motion to dismiss, plaintiff filed a response to the motion, and subsequently filed a motion to amend the court's order. While addressing plaintiff's objections, the court will take the opportunity to modify its previous order.

First, plaintiff claims that he is not seeking relief such as an injunction that would interfere with the state criminal proceeding. As noted, however, disposition of plaintiff's § 1983 claim for damages would require the court to make factual determinations that are very likely to be at issue in the criminal proceeding. *Hudson*, 860 F.Supp. at 523 (citing *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir.1992)). A judgment for plaintiff in this court would imply that the officers used excessive force or otherwise were unjustified in their actions as to plaintiff, which could undermine a conviction against plaintiff in the state court. *Id.* This situation therefore requires abstention. *Id.*

Plaintiff also raises a concern that staying this case give defendants an advantage because they can use the state court proceedings to craft a defense to the instant claim and because the unknown officers will not testify. Of course, plaintiff also has the opportunity to use his state criminal proceedings to fully investigate the charges against him. Any complaints concerning violation of these rights are properly brought in a petition for writ of habeas corpus.

Next, plaintiff asserts that the statute of limitations will run before he is able to reinstate the case and that the state court proceedings do not provide a forum for his constitutional claim for damages. Defendant asserts that plaintiff's claim does not ripen until he obtains an acquittal in state court. However, the *Hudson* case, which defendant cites as support, involved a claim for malicious prosecution. One of the elements of the tort of malicious prosecution is that the complainant must have obtained a favorable termination of the underlying proceedings. *Ritchey v. Maksin*, 376 N.E.2d 991, 992, 71 Ill.2d 470, 474 (1978). Therefore, the cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the acquittal or successful appeal occurs. A claim for excessive force under the Fourth Amendment generally accrues at the time the force was allegedly used and not when the complainant is cleared of the charges. *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998). The Seventh Circuit's rationale in *Gonzalez*, however, was that a successful Fourth Amendment action brought under § 1983 does not generally bring into question the validity of the conviction. *Id.* at 553 (plaintiff alleged that officers used excessive force to illegally obtain information from him). In this case, however, a successful claim for excessive force *would* demonstrate the invalidity of a state criminal conviction for aggravated battery of a correctional officer because Illinois law allows a defense of self-defense to that charge. *See People v. Montgomery*, 531 N.E.2d 177, 182, 176 Ill.App.3d 367, 374 (4th Dist. 1988) (self-defense in the face of excessive force is a defense to aggravated battery of a correctional officer); *see also Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2373, fn.6 (1994). Thus, before plaintiff may bring a cause of action for excessive force against the correctional officer he is accused of battering, he must show that he was "acquitted, or his conviction (if he is convicted) is reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Hudson*, 860 F.Supp. at 523; *Heck*, 512 U.S. at 486, 114 S.Ct. at 2372. Plaintiff's cause of action has not yet accrued and the statute of limitations has not begun to run. For this reason, the court modifies its previous order to reflect that plaintiff's suit is dismissed.

**ORDERED:** The court modifies its previous order to reflect that plaintiff's suit is dismissed.

**ENTER:**

George W. Lindberg
United States District Judge

DATED: Jan 4, 2001